UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark S. Oliverio and Diane Oliverio,

    Plaintiffs,

v.                                                          Honorable Sean F. Cox

Nextel West Corp.,                      Case No. 13-10296

    Defendant.
_____/

**OPINION & ORDER**

      Plaintiffs entered into a written contract with Defendant to lease a property in Detroit to Defendant, so that Defendant could place a cell phone tower at that location. The contract provided that Defendant could terminate it at any time and for any or no reason. Defendant ultimately changed its plans and terminated the contract. Thereafter, Plaintiffs filed this action alleging breach of contract, fraud, and an "equitable estoppel claim."

      After Defendant filed a motion to dismiss, Plaintiffs filed a brief in response to the motion wherein they stated they wish to file an amended complaint. This Court issued an order directing Plaintiffs to file a motion seeking leave to amend if they wish to file an amended complaint and Plaintiffs did so. Defendant opposes Plaintiffs' Motion to Amend, asserting that amendment would be futile because the claims set forth in Plaintiffs' proposed Amended Complaint still fail to state a claim under Michigan law.

      The Court must now consider the motion to dismiss in light of the proposed amendments to the complaint and determine whether the deficiencies in the complaint have been cured by the

1

proposed amendments. The parties have briefed the issues and the Court heard oral argument on May 23, 2013. For the reasons set forth below, the Court concludes that the claims set forth in the proposed Amended Complaint fail to state a claim under Michigan law and, therefore, amendment would be futile. Plaintiff's proposed breach of contract count fails to state a claim because the only alleged breach by Defendant was that Defendant terminated the contract – but the contract expressly provided that Defendant could terminate at any time and for any or no reason. Plaintiffs' proposed promissory estoppel and fraud claims fail as a matter of law because Plaintiffs cannot establish reasonable reliance on any alleged verbal statements that contradict the express terms of the written contract that they signed and agreed to. The Court shall therefore DENY Plaintiff's Motion to Amend, GRANT Defendant's Motion to Dismiss, and DISMISS this action.

## BACKGROUND

Plaintiffs Mark S. Oliverio and Diane Oliverio (collectively "Plaintiffs") filed this action against Nextel West Corporation Sprint/Nextel, a Delaware Corporation in state court. The matter was removed to this Court on January 23, 2013, based upon diversity jurisdiction.

Plaintiffs' original complaint asserted the following claims: 1) "Breach of Contract" (Count I); 2) "Equitable Estoppel" (Count II); and 3) "Fraud in the Inducement" (Count III).

On January 30, 2013, Defendant Nextel West Corp. ("Defendant") filed a Motion to Dismiss, seeking to dismiss all three claims, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim. (Docket Entry No. 3).

On February 19, 2013, Plaintiffs filed a brief in response to Defendant's Motion to Dismiss. (Docket Entry No. 6). In that brief, Plaintiffs stated that they wish to amend their

complaint. Plaintiffs, however, had not filed a motion seeking leave to file an amended complaint nor had they obtained the opposing party's consent to file an amended complaint.

Accordingly, in an Order issued on April 5, 2013, this Court struck the informal request to file an amended complaint that was contained within Plaintiffs' Response Brief and ordered "that, if Plaintiffs wish to file an amended complaint, they shall file a formal motion seeking leave to file an amended complaint no later **April 16, 2013, at 5:00 p.m.**, and they must attach their proposed amended complaint as an exhibit to such motion." (Docket Entry No. 9) (emphasis in original).

On April 16, 2013, Plaintiffs filed a Motion to Amend Complaint, to which they attached their proposed Amended Complaint. (Docket Entry No. 10). Plaintiffs' proposed amended complaint contains the following claims: 1) "Breach of Contract" (Count I); 2) "Promissory Estoppel" (Count II); and 3) "Fraud in the Inducement / Fraudulent Misrepresentation" (Count III).

On May 3, 2013, Defendant filed a Response Brief opposing the motion. (Docket Entry No. 12). Defendant contends that Plaintiffs' proposed amendments fail to cure the deficiencies in the original complaint and that the substituted count (Promissory Estoppel instead of Equitable Estoppel) fails as well. Defendant contends that amendment is futile because the proposed Amended Complaint cannot withstand a motion to dismiss.

**Standard of Decision**

Rule 15 of the Federal Rules of Civil Procedure governs the filing of amended complaints and provides that, at this stage of the litigation, Plaintiff may amend its complaint only with the opposing party's written consent or this Court's leave. FED. R. CIV. P. 15(a). The rule further

provides that the "Court should freely give leave where justice so requires." (*Id*.). Defendants oppose Plaintiff's motion so Plaintiff must obtain leave of this Court in order to amend its complaint.

The decision as to whether justice requires the amendment is committed to the district court's sound discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.,* 401 U.S. 321, 330 (1971). Abuse of that discretion occurs when a district court fails to state the basis for its denial or fails to consider the competing interests of the parties and likelihood of prejudice to the opponent. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

In *Perkins v. American Elec. Power Fuel Supply, Inc*., 246 F.3d 593 (6th Cir. 2001), the Sixth Circuit listed several factors to consider in evaluating motions seeking leave to file an amended complaint:

> [T]he delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendments.

*Id*. at 605. Thus, a district court may deny leave to amend a complaint if the Court finds that the proposed amendment would be futile. *Yuhasz v. Brush Wellman, Inc*., 341 F.3d 559, 569 (6th Cir. 2003).

The Court should consider a motion to dismiss in light of proposed amendments to the complaint and determine whether the deficiencies in the complaint would have been cured by the proposed amendments. *Begala v. PNC Bank*, 214 F.3d 776, 784 (6th Cir. 2000).

In adjudicating a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court generally does not consider matters outside the pleadings. Nevertheless, Fed. R. Civ. P. 10(c) provides that a "copy of a written instrument that is an exhibit to a pleading is part of the pleading for all

purposes." Fed. R. Civ. P. 10(c). "Rule 10(c) is permissive, and a plaintiff is under no obligation to attach to his complaint documents upon which his action is based." *Weiner v. Klais and Co, Inc.*, 108 F.3d 86, 89 (6th Cir. 1997). "However, a defendant may introduce certain pertinent documents if the plaintiff fails to do so." *Id*. "Otherwise, a plaintiff with a legally deficient claim could survive a motion to dismiss simply by failing to attach a dispositive document upon which it relied." *Id.*

Here, Defendant has attached the parties' written contract, the "Site Agreement." This Court may consider this contract in determining whether the claims contained in Plaintiffs' proposed Amended Complaint can survive a motion to dismiss. *Id.*; *see also Greenberg v. Life Ins. Co. of Virginia*, 177 F.3d 507, 514 (6th Cir. 1999).

**The Site Agreement**

Both of the Plaintiffs signed the Site Agreement. (*See* Site Agreement, attached to Def.'s Resp. Br.) Under the Site Agreement, Defendant agreed to rent Plaintiffs' property located at 828 W. Fisher Fwy. in Detroit, Michigan ("the Property") for $1,300.00 per month. The Site Agreement provides that Michigan law governs the contract. (¶ 19 of Site Agreement). The Site Agreement contains the following provision regarding termination:

> 11. Termination. Notwithstanding any provision contained in this Agreement to the contrary, Tenant may, in Tenant's sole and absolute discretion and at any time and for any or no reason, terminate this Agreement without further liability by delivering prior written notice to Owner.

(¶ 11 of Site Agreement). It also contains the following provision:

> 21. Building Demolition. Owner agrees, at its sole cost and expense, that it shall, within 30 days of the Effective Date, (i) obtain and comply with all required demolition permits required by the local jurisdiction; (ii) demolish the existing 2-

> story brick structure located on Owner's Property and identified on Exhibit B, and (iii) remove all building materials and debris resulting from such demolition (the "Demolition"). Owner further agrees that it shall indemnify and hold Tenant harmless from any and all damages, costs, and expenses resulting from the Demolition.

(¶ 21 of Site Agreement). The Site Agreement also states that "this Agreement" "constitutes the entire agreement between the parties and supercedes all prior written and verbal agreements, representations, promises or understandings between the parties. Any amendments to this Agreement must be in writing and executed by both parties." (¶ 19 of Site Agreement).

## ANALYSIS

A.   **Promissory Estoppel (Count II) And Fraud in the Inducement / Fraudulent Misrepresentation (Count III).**

Defendant contends that Plaintiffs' proposed promissory estoppel and fraud claims fail to state a claim for several reasons, including that both claims fail under Michigan law because Plaintiffs have not alleged, and cannot show, that they reasonably relied on any representations or promises that are contrary to the terms of the Site Agreement.

Under Michigan law, promissory estoppel is a distinct cause of action. *Novak v. Nationwide Mut. Ins. Co.*, 235 Mich.App. 675, 686 (1999). "The elements of promissory estoppel are (1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promisee, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Id*. Thus, "under Michigan law, promissory estoppel requires reasonable reliance." *Star Machine, Inc. v. Ford Motor Co.*, 156 F.3d 1232, 1998 WL 415995 at *5 (6th Cir. 1998).

"The elements of fraudulent misrepresentation are (1) the defendant made a material representation, (2) the representation was false, (3) when making the representation, the defendant knew or should have known it was false; (4) the defendant made the representation with the intention that the plaintiff would act upon it, and (5) the plaintiff acted upon it and suffered damages as a result." *Novak*, 235 Mich. App. at 688.  A party's reliance in a misrepresentation or fraud action must be reasonable. *Id.* at 689-91; *see also Bergen v. Baker*, 264 Mich.App. 376, 389 (2004).

In *Novak*, an insurance agent signed an employment agreement with his employer that stated that his employment was terminable at will by either party.  After his employer terminated him, the plaintiff filed suit and his claims included promissory estoppel and fraudulent misrepresentation.  The plaintiff claimed that one of the defendant's employees told him that the at-will provision in the written contract did not apply to him.  The trial court dismissed both claims and the Michigan Court of Appeals affirmed.  In doing so, the court explained that assuming *arguendo* that one of the defendant's employees told the plaintiff that the at-will provision did not apply to him, the trial court properly dismissed the promissory estoppel claim because the signed contract contained an at-will provision, along with an integration clause, that expressly contradicted the alleged oral representation."  Therefore, any reliance on the alleged oral representation was unreasonable. *Novak*, 235 Mich.App. at 686.  It denied the plaintiff's fraudulent misrepresentation claims for the same reason. *Id*. at 689-91 (because the "written contract, with its integration clause, expressly contradicted" the alleged oral representations, reliance on those statements was unreasonable and "the statements, as a matter of law, did not support a misrepresentation claim.").

Here, assuming *arguendo* that someone on behalf of Defendant verbally promised or told Plaintiffs that the termination provision did not apply, or that Defendant would not terminate or cancel the contract, any reliance on such a statement would be unreasonable as a matter of law. Such statements are expressly contradicted by the terms of the written contract that Plaintiffs signed and agreed to that provide that Defendant may terminate the agreement "at any time and for any or no reason" and "without further liability" to Plaintiffs.   (¶ 11 of Site Agreement). The Site Agreement also contains an integration clause that states that "this Agreement" "constitutes the entire agreement between the parties and supercedes all prior written and verbal agreements, representations, promises or understandings between the parties.  Any amendments to this Agreement must be in writing and executed by both parties." (¶ 19 of Site Agreement). Accordingly, any reliance on the alleged statements would be unreasonable as a matter of law. *Novak, supra*; *see also Cook v. Little Caesar Enter.*, 210 F.3d 653, 658 (6th Cir. 2000) (a plaintiff may not reasonably rely on prior oral statements that are directly contradicted by the terms of a written contract).[1]

Counts II and III of Plaintiffs' proposed Amended Complaint fail to state a claim and therefore amendment is futile.

**B.     Breach Of Contract (Count I)**

Defendant contends that the breach of contract claim in Plaintiffs' proposed Amended Complaint fails to state a breach of contract claim under Michigan law.  The Court agrees.

To bring an action for breach of contract under Michigan law, a plaintiff must prove that:

---

[1] Given this conclusion, the Court need not address Defendant's remaining challenges to these counts.

8

1) a valid contract exists between the parties; 2) the terms of the contract require the performance of certain actions; 3) a party breached the terms of the contract; and 4) the breach caused an injury to the aggrieved party. *Webster v. Edward D. Jones & Co., L.P.*, 197 F.3d 815, 819 (6th Cir. 1999); *Keiper, LLC v. Intier Automotive Inc.*, 467 Fed. A'ppx 452, 459 (6th Cir. 2012).

Although Plaintiffs allege the existence of a contract between the parties, Plaintiffs have failed to allege that Defendant did anything that constitutes a breach of the Site Agreement. Plaintiff's sole allegation of breach is the allegation that Defendant "sent notice of cancellation of the contract." (Pls.' Proposed Amended Compl. at ¶ 46). Under the express terms of the Site Agreement, however, Defendant had the right to terminate the contract at any time and for any or no reason.[2]

## CONCLUSION & ORDER

For the reasons set forth above, IT IS ORDERED that Plaintiffs' Motion to Amend is DENIED AS FUTILE.

IT IS FURTHER ORDERED that Defendant's Motion to Dismiss is GRANTED and this action shall be DISMISSED WITH PREJUDICE.

IT IS SO ORDERED.

S/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  May 29, 2013

---

[2]As Defendant notes, Plaintiffs have not alleged that the Site Agreement is in invalid in any respect or that any of its terms are unclear or unenforceable.  (Def.'s Br. at 9 n.10).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Mark S. Oliverio and Diane Oliverio,

    Plaintiffs,

v.                                            Honorable Sean F. Cox

Nextel West Corp.,                      Case No. 13-10296

    Defendant.
_____/

PROOF OF SERVICE

    I hereby certify that a copy of the foregoing Opinion and Order was served upon counsel of record on May 29, 2013, by electronic and/or ordinary mail.

                                                  S/Jennifer McCoy
                                                  Case Manager